JS44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE SEPARATE INSTRUCTION SHEET)

## I. (a) PLAINTIFFS

Patrick Conway

## DEFENDANTS

C.P. Rail System d/b/a Delaware & Hudson Family

(b) County of Residence of First Listed Plaintiff **Luzerne**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)

Neil F. MacDonald, Esquire
340 Market Street
Kingston, PA 18704
(570) 283-5800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Refer to Instruction sheet)

Please insert Nature of Suit Code **440**

Please insert Description **42 U.S.C. §§12112-12117**

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. §§12112-12117 Plaintiff alleges Defendants' conduct was discriminatory with respect to his disability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75K

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY  N/A

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 10/28/04

SIGNATURE OF ATTORNEY OF RECORD  /s/ MacDonald

---

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

(Rev. 3/6/03 USDC-PAMD)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK CONWAY, | : | |
| | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| C.P. RAIL SYSTEM, d/b/a | : | |
| DELAWARE & HUDSON RAILWAY, | : | |
| | : | |
| Defendant | : | NO. |

## COMPLAINT

1. This action is brought pursuant to the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

2. Venue is proper under 28 U.S.C. 1391 (b) and because the Defendant has a rail yard in this District, conducts business in this District and some of the acts complained of herein occurred in this District.

3. Defendant, Delaware & Hudson Railway Company, Inc., d/b/a C.P. Rail System ("D & H Railway") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 200 Clifton Corporate Parkway, Clifton Park, New York, 12065.

1

4.      Patrick Conway was first employed by the Defendant on April 1, 1976 and worked for the Defendant from the above-referenced date until February 1999 (date of settlement) as an Engineer.

5.      On or about July 27, 1997 the Plaintiff, Patrick Conway, was involved in a train collision at work wherein the train that Patrick Conway was operating was struck by another train at a crossing in the Defendant's Binghamton yard.

6.      Within hours after the accident, Patrick Conway was taken out of service by the Defendant while the other engineer, Keith Dunham that was involved in the incident and ultimately found more responsible for the accident was not.

7.      Defendant held an Administrative Hearing regarding this accident and denied the Plaintiff's medical request to postpone the hearing. Plaintiff had received a medical excuse from his treating doctor that prohibited the Plaintiff from traveling to the hearing. Despite the medical documentation, the Defendant held the hearing ex parte and found the Plaintiff guilty of rules violations. There was no such hearing against the other engineer involved in the accident. Plaintiff is unaware of other hearings held ex parte on such matters.

8.      In the days, after the accident, representatives of the Defendant met with Patrick Conway and offered to continue his wage payments while he was being treated for injuries related to the collision.

9.      After receiving four (4) weeks of payments, Patrick Conway informed the Defendant of his deteriorating medical condition and that he was concerned about his financial situation and about returning to work with his medical condition. Shortly thereafter, Defendant decided to stop wage continuation to Patrick Conway.

10. Patrick Conway filed an FELA lawsuit seeking damages for his personal injuries once it was clear that the Defendant was not going to provide wages or other job opportunities despite Patrick Conway's request and his dire financial need.

11. The FELA case went to trial in February 1999 and a jury determined that the Defendant was eighty (80) percent responsible for the accident that occurred and that Patrick Conway was twenty (20) percent responsible. The case was settled by an out of Court settlement while post trial issues were being discussed. As part of the Settlement Agreement, Patrick Conway resigned his position from the Railroad.

12. Shortly after the settlement occurred, the Defendant promoted Keith Dunham, (the other engineer involved in the train collision in July 1997) to in-house claims adjuster. The claims adjuster job is a sedentary job, which was within the physical restrictions of Patrick Conway at the time.

13. Prior to this trial and settlement, the Defendant had no positions to offer the Plaintiff and made no attempts to accommodate him despite his disability.

14. For over twenty-five (25) years, Patrick Conway was a licensed insurance agent in the State of Pennsylvania and was more qualified than any other applicant to fill the claims agent position that was open but not made known to the Plaintiff.

15. At the time of Patrick Conway's disability, the Defendant did not have in place any plan to assist its disabled employees in obtaining positions in the company that would fit their disability.

16. In December 1999, Patrick Conway met with the United States Attorney, John Gutgannus to open a claim for discriminatory practices with the manner in which his former

employer handled his post-injury work status. Mr. Conway was informed to exhaust all of his administrative remedies.

17. Since the time of his Administrative Hearing, the Plaintiff had appealed his case results and notified the National Mediation Board and the National Railroad Adjustment Board of the improper conduct and requested that they review the same.

18. In September 2003 all of the administrative remedies available to the Plaintiff were exhausted and Plaintiff returned to the Department of Justice with a request to investigate the Defendant's actions.

19. On November 18, 2003, the Plaintiff received a letter from Jay D. Adlestein, informing him to contact the Equal Employment Opportunity Commission ("EEOC") to have this matter investigated. A copy of the letter is attached as Exhibit "1".

20. On August 2, 2004, Patrick Conway filed charges with the Equal Employment Opportunity Commission regarding Defendant's alleged discriminatory conduct, which occurred after Plaintiff's injury and before his resignation.

21. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter, which was received on August 13, 2004. A copy of the letter is attached as Exhibit "2".

22. Patrick Conway is complaining in this action of the following types of actions by the Defendants:

    (a) Failure to provide reasonable accommodations to the application process for other positions, in particular, claims agent;

    (b) Failure to accommodate given work caused disabilities;

(c)  Failure to provide reasonable accommodations so Plaintiff could have performed the essential functions of his job;

(d)  Harassment on the basis of work injuries;

(e)  Retaliation because Plaintiff complained about my work status.

23.  Defendant's conduct was discriminatory with respect to Plaintiff's disability and Defendant failed to attempt to accommodate the Plaintiff.

24.  Plaintiff avers that he was intentionally discriminated against by the Defendant.

25.  A copy of the charge to the Equal Employment Opportunity Commission is attached to this Complaint and is submitted as a brief statement of additional facts of the claim, as Exhibit "3".

26.  The Equal Employment Opportunity Commission has issued a Right to Sue letter, was received on August 13, 2004.

WHEREFORE, Plaintiff respectfully requests this Court to grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Respectfully submitted,

CARDONI & ASSOCIATES, LLC

By: _____
NEIL F. MacDONALD, ESQUIRE
Attorney ID No. 61962

340 Market Street
Kingston, PA  18704-5498
(570) 283-5800

Attorneys for Plaintiff,
PATRICK CONWAY

FILE NO.: 1693.0001
82734_1.DOC

5

**EXHIBIT "1"**



**U.S. Department of Justice**

Civil Rights Division

---

DJP:WBF:JDA:sj
DJ 170-63-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp/emphome.html*

NOV 18 2003

Mr. Patrick J. Conway
565 North Main Street
Plains, Pennsylvania 18705-1439

Dear Mr. Conway:

      This is in response to your letter of September 8, 2003. Please excuse the delay of this reply.

      You state that you were injured in a railroad accident in 1997 in which a locomotive struck your stopped locomotive. You further state that a hearing was conducted following the accident, and you and your union took the matter to the National Mediation Board, then the National Railroad Adjustment Board. Apparently, you were not satisfied with the results of the proceedings. You request an opinion from the Department of Justice whether you may have a remedy under federal employment discrimination laws.

      Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), prohibits discrimination in employment on the basis of race, sex, national origin and religion. It also is unlawful under the Act for an employer to take retaliatory action against an individual for opposing any employment practice made unlawful by Title VII or for filing a discrimination charge against the employer or assisting in the investigation of such a charge. Congress has designated the Equal Employment Opportunity Commission ("EEOC") as the federal agency responsible for investigating individual charges of discrimination under Title VII. If you believe that you have been discriminated against in violation of Title VII, you should, if you have not yet done so, contact the EEOC to determine if you are eligible to file a charge of discrimination. The EEOC may be called toll-free at 800-669-4000, which will connect you to the EEOC office nearest you, or you may write to the following EEOC office:

- 2 -

Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse Building
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106
Telephone Number: (215) 440-2600

It is important that a charge be filed with the EEOC as soon as possible, since to be timely under Title VII a charge of discrimination must be filed with the EEOC within a certain period after the alleged act of discrimination occurred and no later than 300 days in a deferral state such as Pennsylvania.

The Department of Justice has authority to pursue an individual charge of discrimination under Title VII only against a state or local government employer and then only after the EEOC has determined that reasonable cause exists to believe a violation of Title VII has occurred, conciliation fails, and the EEOC refers the charge to us. The Department has no authority under Title VII to pursue a charge of discrimination against a private employer or union.

The Department of Justice is not authorized to give legal opinions to private citizens or to represent them. Therefore, we are unable to honor your request for an opinion as to whether your civil rights have been violated.

Sincerely,

David J. Palmer
Chief, Employment Litigation Section
Civil Rights Division

By:

Jay D. Adelstein
Attorney
Employment Litigation Section

**EXHIBIT "2"**

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Patrick J. Conway
565 North Main Street
Plains, PA 18705

From: Buffalo Local Office
6 Fountain Plaza
Suite 350
Buffalo, NY 14202

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2004-00649 | Charlene Mc Kinnon, Investigator | (716) 551-4441 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[X] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

Elizabeth Cadle, Director

AUG 11 2004
(Date Mailed)

Enclosure(s)

cc: DELAWARE & HUDSON RAILWAY CO.

DELAWARE & HUDSON RAILWAY CO.
P. O. Box 8002
Clifton Park, NY 12065



**U.S. Equal Employment Opportunity Commission**
**Buffalo Local Office**

6 Fountain Plaza
Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387
1-800-669-4000

Respondent: DELAWARE & HUDSON RAILWAY CO.
EEOC Charge No.: 170-2004-00649

Aug 11, 2004

Patrick J. Conway
565 North Main Street
Plains, PA 18705

Dear Mr. Conway:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

- [ ] Title VII of the Civil Rights Act of 1964 (Title VII)
- [ ] The Age Discrimination in Employment Act (ADEA)
- [X] The Americans with Disabilities Act (ADA)
- [ ] The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

- [ ] Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

Charlene Mc Kinnon
Investigator

Office Hours: Monday - Friday, 8:30 a.m. - 5:00 p.m.
TDD: 1-800-669-6820
www.eeoc.gov



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Elizabeth Cadle
Director

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

Mr. Patrick J. Conway
565 North Main Street
Plains, Pennsylvania 18705

Re:  Patrick Conway v. Delaware & Hudson Railway Co.
     EEOC Charge Number 170-2004-00649

Dear Mr. Conway:

The Equal Employment Opportunity Commission (EEOC) has concluded its inquiry into your allegations of discrimination. Under the EEOC's charge prioritization procedures, we focus our resources only on those charges that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, the EEOC has evaluated this charge based on the information you provided. The evidence fails to indicate that a violation of the law occurred and it is not likely that additional investigation will result in our finding of a violation.

More specifically, you alleged that you were injured in a railroad accident and not allowed to return to work because of your disability.

To be protected by the Americans with Disabilities Act (ADA), a person must not only be an individual with a disability, but must be qualified. You are permanently disabled and have been unable to perform the essential duties of your position since 1999.

There is nothing to suggest that the Respondent discriminated against you by not allowing you to return to work.

Your Determination/Notice of Right to Sue is enclosed. This determination is final. If you wish to pursue this charge further, you may file in Federal District Court within 90 days of your receipt of the enclosed Notice of Right to Sue.

Sincerely,

*Charlene L. McKinnon*

Charlene L. McKinnon
Investigator

AUG 11 2004

**EXHIBIT "3"**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA<br>☒ EEOC | 170-2004-00649 |

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Patrick J. Conway | (570) 823-7727 | 03/17/1946 |

Street Address: 565 North Main Street, Plains, PA 18705

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DELAWARE & HUDSON RAILWAY CO. | Unknown | 800-327-9414 |

Street Address: P. O. Box 8002, Clifton Park, NY 12065

RECEIVED 02 AUG 2004 E.E.O.C. BULO

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-01-1997   Latest: 10-01-2003
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

APRIL 1, 1976 PJC

I began working for the above named Respondent in/about ~~October 10, 1972~~. My latest position was that of Locomotive Engineer

In/around 1997 I was injured in a railroad accident. Because of my disability, I was off from work since ~~1999~~. PRESENT PJC

I believe the Respondent discriminated against me when I was not allowed to return to work because of my disability in violation of The Americans with Disabilities Act.

Denied Medical Care by Risk Management for Railroad.

Stopped me from seeing Dr. Emanuel Jacob for Pain Management Clinic. PJC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY — When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

X Pat J Conway

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
7-30-04

DONNA M. KNAUS, Notary Public
Wyoming, Luzerne, PA
My Commission ... 25, 2005

Date: 7-30-04   Charging Party Signature